

U.S. Department of Justice

*Rachael S. Rollins*
United States Attorney
District of Massachusetts

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

January 13, 2022

Joshua Hanye
Assistant Federal Public Defender
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210

      Re:    United States v. David Ladeau
                 Criminal Nos. 21-cr-10304, 18-cr-10377 and 09-40021

Dear Mr. Hanye:

      The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, David Ladeau ("Defendant"), agree as follows with respect to the cases referenced herein:

      1.      Plea and Supervised Release Revocation

      At the earliest practicable date, Defendant will waive indictment and plead guilty to the Information charging him with one count of access with intent to view child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Defendant admits that Defendant knowingly committed the crime specified in that count and is in fact guilty of that offense.

      Defendant also stipulates and agrees that Defendant committed the violations of Defendant's conditions of supervised release in (i) United States v. David Ladeau, No. 09-cr-40021-FDS; and (ii) United States v. David Ladeau, No. 18-cr-10377-LTS, as alleged in violation reports, specifically: Violation I (the defendant shall not commit another federal, state, or local crime).

      2.      Penalties

      Defendant faces the following mandatory minimum and maximum penalties on the sole count of the Information: incarceration for a minimum of 10 years and a maximum of 20 years; supervised release for 5 years to life; a fine of $250,000; a mandatory special assessment of $100;

1

an additional special assessment of up to $5,000 pursuant to 18 U.S.C. § 3014 (the "JVTA assessment"), unless the Court finds that Defendant is indigent; a special assessment of up to $17,000 pursuant to 18 U.S.C. § 2259A(a)(1) (the "AVAA assessment"), unless the Court finds that Defendant is unable to pay; mandatory restitution; and forfeiture to the extent charged in the Information.

Defendant understands and acknowledges that as a consequence of the conviction for the crime to which Defendant is pleading guilty, Defendant will be required to register as a sex offender, and to keep that registration current, in the place where Defendant resides, where Defendant is employed, and where Defendant is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state of residence. Failure to do so may violate the terms of Defendant's supervised release and subject Defendant to new criminal charges pursuant to 18 U.S.C. § 2250.

Defendant faces the following maximum penalties for violations of the conditions of supervised release in Nos. 09-cr-40021-FDS and 18-cr-10377-LTS pursuant to 18 U.S.C. §§ 3583(e)(3): incarceration for 2 years, because the crimes of conviction are Class C felonies.

3. <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

With respect to the Information charging one count of access with intent to view child pornography, this Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment in that case. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw his plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw the guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. <u>Sentencing Guidelines</u>

With respect to the offense charged in the Information, the parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 25:

a) Defendant's base offense level is 18 (USSG § 2G2.2(a)(1));

b) Defendant's offense level is increased by 2 because the material involved a prepubescent minor or a minor who had not attained the age of 12 years (USSG § 2G2.2(b)(2));

c) Defendant's offense level is increased by 4 because the offense involved

2

material that portrays sexual abuse or exploitation of an infant or toddler (USSG § 2G2.2(b)(4)(B));

d) Defendant's offense level is increased by 2 because the offense involved the use of a computer (USSG § 2G2.2(b)(6));

e) Defendant's offense level is increased by 2 because the offense involved at least 10, but fewer than 150 images (USSG § 2G2.2(b)(7)(A)); and

f) Defendant's offense level is decreased by 3 because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. Agreed Disposition

With respect to the Information charging one count of access with intent to view child pornography, the parties agree on the following sentence:

a) Incarceration for 120 months, which is the mandatory minimum sentence;

b) 60 months of supervised release;

c) no fine, where defendant shall be required to pay restitution;

d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) restitution in an amount to be determined at or following the sentencing hearing;

f) no JVTA assessment, where the defendant shall be required to pay restitution;

g) no AVAA assessment, where the defendant shall be required to pay restitution; and

h) forfeiture as set forth in paragraph 7.

With respect to the supervised release violations in Nos. 09-cr-40021-FDS and 18-cr-10377-LTS, the parties agree that the appropriate disposition is, and agree to recommend, incarceration for 24 months in each case, to run <u>concurrently</u> with each other and with the term of incarceration imposed upon conviction of the offense charged in the Information. This represents the maximum sentence upon revocation under 18 U.S.C. § 3583(e)(3). The government agrees to not seek supervised release revocation under 18 U.S.C. § 3583(k).[1]

6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) He will not challenge his <u>sentence,</u> including any court orders related to forfeiture, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit. The parties having no agreement with respect to the amount of restitution, if any, that may be ordered against Defendant, Defendant reserves his right to appeal a restitution order that he believes to be excessive or determined by an erroneous application of the law.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

---

[1] The parties agree that the government could seek a term of imprisonment of at least 5 years under 18 U.S.C. § 3583(k) in a contested proceeding by convening a jury to find facts underlying the violation beyond a reasonable doubt, or in an uncontested case by the defendant's waiver of his right to a jury trial and agreement to a term of imprisonment of at least five years.

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:
  a. an HP laptop computer, serial number 5CD8467Y0D; and
  b. one (1) Sandisk media player, serial number BM1838CRVK-32GB

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute (i) any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (iii) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal,

state, or local prosecuting authorities.

        11.    <u>Modifications to Plea Agreement</u>

        This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*   *   *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Charles Dell'Anno.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By: *(signature)*

ANNE PARUTI
Chief, Major Crimes Unit

MARK GRADY
Deputy Chief, Major Crimes Unit

*(signature)*

CHARLES DELL'ANNO
Assistant U.S. Attorney

# ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the supervised release violations I am admitting, and the maximum penalties for that offense and those violations. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
David Ladeau
Defendant

Date: 1-13-2022

I certify that David Ladeau has read this Plea Agreement and that we have discussed what it means. I believe Defendant understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Joshua Hanye
Attorney for Defendant

Date: 2/9/2022